THE COMMONWEALTH OF PUERTO RICO, ETC., Plaintiff and Appellee, *v.* 3,763.93 SQUARE METERS OF LAND, ETC., MARCELINO SELOSSE, TOMASA MAS, ETC., Defendants and Appellants.

No. R-69-93.     Decided April 9, 1970.

*A. J. Amadeo Murga* for appellants. *J. F. Rodríguez Rivera, Acting Solicitor General,* and *Elpidio Arcaya, Assistant Solicitor General,* for appellee.

PER CURIAM: On February 25, 1965, the Commonwealth of Puerto Rico instituted condemnation proceedings in the San Juan Part of the Superior Court for the acquisition of a parcel of land of 3,763.93 square meters located in Hato Rey, ward of San Juan. Said parcel was to be used for the construction of the Central Avenue in Hato Rey. The amount of $29,847.96 was estimated as a just and reasonable compensation to be paid to its owners.

The defendant Tomasa Mas Selosse appeared to challenge the estimated amount which was deposited in court as just compensation.

The spouses Selosse-Mas were the owners of a property of 7.64 cuerdas of land located in ward Hato Rey of Río Piedras. Running through said parcel from North to South was the public thoroughfare known as Carretera Militar. In 1955, the Commonwealth of Puerto Rico condemned two parcels from defendants, one of 8033.702 square meters located to the West of Muñoz Rivera Avenue, part of which was used for the construction of the Northern half of the Central Avenue, and another of 642.96 square meters located to the East side of Muñoz Rivera Avenue.

In said proceeding the State, in compromise, paid the condemned parcels at the rate of $4.00 a square meter.

The parcel object of this condemnation is bounded on the North by the Northern strip of the Central Avenue, on the

South by the rest of the main property;[1] on the East by land of the Commonwealth of Puerto Rico where Central Avenue and Muñoz Rivera Avenue meet, and on the West with the lane at the Southern side of Central Avenue.

At the trial held, defendants presented oral and documentary evidence to establish the market value of the property object of the condemnation. Using the comparable sales method they presented a series of sale transactions of parcels located in the area where the condemned parcel is located, effected between 1960 and 1967. Some of those sales refer to parcels of smaller areas and others of larger areas than that of the condemned parcel and the selling price varies between $26.52 and over $100 a square meter. Several of those sales were admitted and analyzed by the trial court for the sole purpose of determining whether the remainder of the condemned property had sustained damages as a result of the division, since in rendering judgment, it decided that upon the condemned parcel being included on the Official Map in 1948, an acquisition de facto of the property took place, and that its value should be dated back to 1948. Consequently, it decreed that the market value of the condemned parcel at the date when the complaint was filed amounted to $15,055.93, that is, at the rate of $4.00 per square meter, plus the interest of that sum at the annual rate of 6% since August 5, 1948, date when upon being entered on the Official Map the taking was actually performed, until the date when said sum was deposited in court.

This determination of the trial court is erroneous. We decided it thus in *Commonwealth* v. *Pérez*, ante, p. 765. Consequently, the judgment appealed from should be reversed.

Now then, although the trial court did not decide it, it did set forth the following in a footnote of its Findings of Fact, Conclusions of Law, and Judgment:

---

[1] The rest of the main property was sold on February 9, 1965, by the spouses Selosse-Mas, at the rate of $77.50 per square meter.

"(5) Were it not for the foregoing situation of fact and of law, this would be a typical aftermath case since this is the second or subsequent condemnation connected with the original one performed on April 7, 1955, Case No. E55-158, of the *Commonwealth of Puerto Rico* v. *Marcelino Selosse Augy and Tomasa Mas* (See Plaintiff's Exhibit 3); *People* v. *Heirs of Junghanns,* 73 P.R.R. 600. In the parcel condemned in 1955 the Northern Lane of Central Avenue was constructed; and in the one condemned now the Southern Lane of said Avenue is to be constructed."

There is evidence in the record, presented by defendants, seeking to show that the increase in the value of the parcels located in the area where the condemned parcel is has been caused or is due to other factors, additional to and independent from the construction of Central Avenue. It is incumbent upon the trial court to determine, in the light of all the factors involved and of the applicable law, which was the just market value of the parcel condemned on February 24, 1965, date on which the condemnation proceeding was filed.

The judgment rendered by the Superior Court, San Juan Part, will be reversed, and the case remanded for further proceedings.

Mr. Chief Justice Negrón Fernández did not participate herein.